the defendant as his agent to the contract she undertook to make for him with the plaintiffs. This question the court did not answer, though without an answer the issues could not be determined.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.

McGUIRK v. MANHATTAN LIFE INS. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

NEGLIGENCE—WHAT CONSTITUTES—ELEVATORS.

Plaintiff, who was working on defendant's building, was injured while riding on a freight elevator, owing to the same tipping to one side. There was a sign, clearly visible, which stated that passengers were not allowed to ride on the elevator. It had been inspected and found in good condition a week before the accident, and was found in good condition immediately after the accident, and plaintiff was told to get upon the elevator by a servant of defendant, who was an "oiler" and had no authority to give such directions. *Held*, that there was no absence of reasonable care on the part of defendant.

Appeal from City Court of New York, Trial Term.

Action by Patrick McGuirk against the Manhattan Life Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Nadal & Carrere (William D. Stiger, of counsel), for appellant. Francis C. Devlin, for respondent.

GILDERSLEEVE, J. The action is for personal injuries. The jury found for the plaintiff in the sum of $450. Defendant appeals.

The uncontradicted evidence is substantially as follows, viz.: Plaintiff was working on defendant's building. He loaded with materials a freight elevator, which went from the engine room up to the sidewalk on Broadway. He then got onto the elevator himself, and one "Fred," an employé of defendant, set the elevator in motion on its upward course. It tipped to one side, and caused plaintiff to slip and hurt his right foot, which got jammed between the platform of the elevator and "the bed of the engine or some connections attached thereto." The elevator had been inspected a week before by defendant's engineer, and found to be in good condition. It was again examined immediately after the accident, and found to be in good condition, and worked well. There was a sign nailed to the wall to the west of the platform of the freight elevator, warning "passengers" against riding on said elevator. The plaintiff did not see the sign, although it was in plain sight, and had been there for a long time. "Fred" told plaintiff to get on the elevator. "Fred" was merely an "oiler" in defendant's employ, with no authority to give such directions. The plaintiff says it was necessary for some one to go up on the elevator to open the doors upon the sidewalk. He went up on said elevator, when empty, just before the accident, and opened the doors. He then descended, and, having loaded the elevator as aforesaid, went up again on it, with the load, and met with the in-

jury.  Plaintiff says that his foreman was one Spellman, and not "Fred." He says Spellman told him "to put certain steam fittings on the elevator and take them up to the sidewalk"; but he does not say that Spellman told him to ride himself on the elevator with the steam fittings.  "Fred," who ran the elevator, did not himself ride upon it.  He remained in the subcellar.

The plaintiff claimed that the doctrine "Res ipsa loquitur" applies. Assuming this claim to be well founded, it raises a presumption of negligence on the part of the defendant, which has met it by showing weekly inspections of the elevator, and that the same worked properly immediately after the accident, and that nothing seemed to be wrong with it.  It had worked well the day previous to the accident.  Spellman swears he called out to the plaintiff not to get on the elevator, but that plaintiff did not seem to hear him, as there was considerable noise.  It is also shown that it was not customary for men to go on the elevator when loaded.  The sign above mentioned read, "No passengers allowed to ride."  Under the above evidence, which stands uncontradicted, it seems to us that the absence of reasonable care on the part of the defendant is not established, and that the verdict is not supported by the evidence and should not stand.  Hubener v. Heide, 73 App. Div. 200, 76 N. Y. Supp. 758.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.  All concur.